UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| PARKER DAMON BOLDEN,<br><br>Plaintiff,<br><br>v.<br><br>NOLAN COUNTY D.A., et al.,<br><br>Defendants. | No. 1:26-CV-255-H |

**ORDER ACCEPTING AND MODIFYING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

On August 7, 2026, the United States Magistrate Judge issued Findings, Conclusions, and a Recommendation (FCR) that Bolden's case be dismissed with prejudice. Dkt. No. 24. No objections were filed.[1] Where no specific objections are filed within the 14-day period, the Court reviews the Magistrate Judge's findings, conclusions, and recommendations only for plain error. *Serrano v. Customs & Border Patrol, U.S. Customs & Border Prot.*, 975 F.3d 488, 502 (5th Cir. 2020). The District Court has reviewed the FCR for plain error. After its review, the Court accepts the FCR in part and modifies it in part.

This is a Section 1983 case against various defendants—only some of whom are state actors—that alleges a wide-ranging conspiracy to frame Bolden for sexual assault and family

[1] Judge Parker issued his FCR concerning dismissal on August 7, 2026. Dkt. No. 24. On August 13, Judge Parked issued a second FCR aimed at Bolden's Motion for Temporary Restraining Order (Dkt. No. 9). Dkt. No. 29. Bolden timely objected to *that* FCR. *See* Dkt. No. 30. But even were the Court to construe Bolden's objections to encompass both of Judge Parker's FCRs—an intention that is profoundly unclear from the face of Bolden's handwritten, single-spaced, multi-page document alleging kidnappings, torture, aborted assassination attempts, and other serious, but unsubstantiated, evils against him and his family—Bolden's objections are not specific and do not satisfy his obligation to indicate the "specified proposed findings or recommendation to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(2); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).

violence. Dkt. No. 24 at 9–10; *see generally* Dkt. No. 19. In his review of Bolden's Amended Complaint, Judge Parker concluded that all of Bolden's claims were barred either by sovereign immunity, the statute of limitations, or the *Heck* doctrine, or simply failed to state a claim. Dkt. No. 24 at 14. The Court has reviewed Judge Parker's analysis on these grounds for plain error, and it finds none.

But the Court makes one modification to the FCR. Judge Parker recommended that the Court dismiss "Bolden's claims against all defendants with prejudice." *Id.* However, the Court will dismiss Bolden's claims against the State of Texas without prejudice. "Because sovereign immunity deprives the [C]ourt of jurisdiction, . . . claims barred by sovereign immunity can be dismissed only under Rule 12(b)(1) and not with prejudice." *Warnock v. Pecos County*, 88 F.3d 341, 343 (5th Cir. 1996). With that modification, Judge Parker's FCR is adopted. Bolden's claims against the State of Texas are dismissed without prejudice. His claims against all other defendants are dismissed with prejudice.

So ordered on ~~September~~ October 1, 2026.

JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE